IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| JAMES RAY WILSON, | ) |
| **Plaintiff,** | ) |
| v. | ) Civil Action File No. 3:22-cv-00289 |
| USAA FEDERAL SAVINGS BANK, ET AL., | ) |
| **Defendants.** | ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1367, and 1441, Defendants USAA Federal Savings Bank, Jeff Wallace, and Martin Wiggins (collectively, "Defendants") remove this action from the North Carolina General Court of Justice, District Court Division, Mecklenburg County. In support of removal, Defendants state the following:

### THE STATE COURT ACTION

1. Plaintiff James Ray Wilson ("Plaintiff") initiated this action by filing a complaint against Defendants in the North Carolina General Court of Justice, District Court Division, Mecklenburg County, on or about May 25, 2022. This action was pending in the state court as Case Number 22CVM11378 (the "State Court Action"). Plaintiff filed an amended complaint on May 31, 2022.

2. In the amended complaint, Plaintiff asserts various claims for violations of the Fair Debt Collections Practices Act, as well as claims for breach of contract, fraud, and violations of certain state consumer protection statutes relating to an automobile debt.

## PROCEDURAL REQUIREMENTS FOR REMOVAL

3. Defendant USAA Federal Savings Bank was served with summons and the amended complaint on June 9, 2022. The remaining defendants have not been properly served. Removal is timely because this notice is being filed within thirty days after USAA Federal Savings Bank was served. *See* 28 U.S.C. §§ 1453(b), 1446(b)(1); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999) (holding that the removal deadline is triggered by formal service of process).

4. For removal purposes, venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) because the United States District Court for the Western District of North Carolina, Charlotte Division, is the federal judicial district and division embracing the North Carolina General Court of Justice, District Court Division, Mecklenburg County, where Plaintiff filed the State Court Action.

5. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings, and orders in the State Court Action, as well as the state court file, are attached hereto as composite **Exhibit 1**.

## SUBJECT MATTER JURISDICTION EXISTS

6. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

7. Federal courts have jurisdiction to hear, originally or by removal from state court, cases where federal law creates the cause of action being alleged or when a claimant's right to relief depends on the resolution of a substantial question of federal law. *See Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 9 (1983) (explaining that "a case '[arises] under' federal law where the vindication of a right under state law necessarily turns on some construction of federal law").

8. In the amended complaint, Plaintiff alleges that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et. seq. See* Ex. 1, Amended Complaint (Addendum); 15 U.S.C. § 1692k(d) ("An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy . . . ."). Thus, violations of federal law and Plaintiff's right to relief will necessarily depend upon the resolution of federal law. Accordingly, this Court has federal question jurisdiction.

9. Of course, Plaintiff has listed many other federal statutes in his Amended Complaint under which he seeks relief. *See* Ex. 1, Am. Compl. and Addendum. The federal statutes he invokes are: HJR 192/Public Law 73-10, 15 U.S.C. § 1611, 15 USC § 45, the Uniform Commercial Code §§ 3-603, 3-104, and 3-11, 18 U.S.C. §§ 241 and 242, 12 U.S.C. § 24(7), and 17 U.S.C. § 504. *Id.*

10. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §§ 1367(a) and 1441(a). In "any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). *See also United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966) (holding that once a district court had valid jurisdiction over a federal claim, it could, in its discretion, exercise supplemental jurisdiction over additional state claims if they arose out of "a common nucleus of operative fact" such that the plaintiff would ordinarily be expected to try the claims in one judicial proceeding).

11. It is well established that federal district courts have supplemental jurisdiction over state law claims that share a "common nucleus of operative fact" with federal claims. *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 164-65 (1977)). This principle applies not only

to cases originally brought in federal court, but also to those cases removed to federal court. *Id.* at 165. Here, Plaintiff's state law claims share a common nucleus of operative facts with the federal causes of action in that Plaintiff's claims are all based on the same alleged wrongful conduct related to automobile debt. Therefore, supplemental federal jurisdiction exists over Plaintiff's state law claims.

## ADDITIONAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

12. Defendants will promptly file a copy of this Notice of Removal with the Clerk of the North Carolina General Court of Justice, District Court Division, Mecklenburg County, where the State Court Action is currently pending, and will provide all parties with written notice of the filing of this Notice of Removal, as required by 28 U.S.C. § 1446(d).

13. All other requirements for removal and for federal court jurisdiction have been satisfied.

14. By filing this Notice of Removal and the associated attachments, Defendants do not waive any objections they may have as to service, jurisdiction or venue, or any other claims, defenses, or objections available to them in this action. Further, Defendants intend no admission of fact, law, or liability by this Notice and expressly reserve all defenses, motions, and pleas.

WHEREFORE, Defendants pray that the Court exercise jurisdiction over this action as allowed by law. Defendants are removing subject to, and without waiving any defense or objection they may have to venue or the Court's ability to exercise personal jurisdiction over them.

Respectfully submitted,

**POLSINELLI PC**

*/s/ John Michael Kearns*
Marc D. Cabrera *(pro hac vice application to be filed)*
mcabrera@polsinelli.com
2950 N. Harwood, Suite 2100
Dallas, TX 75201
Telephone: (214) 397-0030
Facsimile: (214) 397-0033

John Michael Kearns, N.C. Bar #52933
jkearns@polsinelli.com
One Atlantic Center
1201 West Peachtree Street NW, Suite 1100
Atlanta, GA 30309
Telephone: (404) 253-6000
Facsimile: (404) 529-4013

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I hereby certify that on June 27, 2022, I caused the foregoing **NOTICE OF REMOVAL** to be e-filed via CM/ECF and I mailed a copy of same via certified mail and regular mail to:

James Ray Wilson
8918 Brideswell Lane
Charlotte, NC 28278

*/s/ John Michael Kearns*
John Michael Kearns
N.C. Bar No. 52933

*Counsel for Defendants*